UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDER NOSOV, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-15-0097
:
WARDEN PERDUE, : (Judge Kosik)
:
    Respondent :

FILED
SCRANTON
JAN 2 0 2015
Per _____
DEPUTY CLERK

## MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, a supporting memorandum, and an affidavit filed by Alexander Nosov ("Petitioner"), an inmate confined at the Federal Correctional Institution at Schuylkill, Pennsylvania. The matter is presently before the court for screening. See 28 U.S.C. § 2243. Petitioner will be granted in forma pauperis status for the sole purpose of filing the instant petition. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.    Background**

On December 5, 2001, a jury in the Southern District Court for the District of New York found Petitioner guilty of: (1) murder in aid of racketeering, in violation of

18 U.S.C. § 1959(a)(1); (2) kidnapping in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1); and (3) conspiring to kidnap, in violation of 18 U.S.C. § 1201(a)(1). The conviction was affirmed on direct appeal to the Second Circuit Court of Appeals.[1] See United States v. Nosov, 119 F. App'x 311, 316 (2d Cir. 2004). On September 28, 2006, Petitioner filed a motion in the District Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In the motion, he raised grounds of ineffective assistance of counsel. An amended motion to vacate under § 2255 was filed on December 19, 2006.

On October 12, 2011, the District Court denied Petitioner's § 2255 motion. An appeal was thereafter filed with the Second Circuit from this denial. On September 27, 2013, the Second Circuit affirmed the District Court's order denying the § 2255 motion. See Nosov v. United States, No. 11-4939-pr (2d Cir. 9/27/13).

The instant federal habeas petition pursuant to § 2241 was filed in this court on January 16, 2015. In the petition, Petitioner claims he is actually innocent of the conduct of which he was convicted in that it has subsequently been rendered non-criminal due to the United States Supreme Court's interpretation of 18 U.S.C. § 2.

---

[1] The court accessed PACER to verify the procedural history set forth by Petitioner with respect to his criminal conviction and appeals therefrom. See PACER, Public Access to Court Electronic Records, located at https://pacer.login.uscourts.gov.

Specifically, Petitioner relies on the case of Rosemond v. United States, 134 S.Ct. 1240 (2014), in challenging his conviction. He claims that Rosemond interprets the substantive reach of the federal Aiding and Abetting statute, is retroactively applicable, and proves his innocence.

## II. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977)(Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Benton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)(explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999)(stating that § 2255 provides federal prisoners a means by which to

bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000)(finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See 28 U.S.C. § 2255(e)(stating that the motion must be filed in "the court which sentenced him").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006)(quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness must be "a

limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). The Petitioner has the burden of proving that § 2255 would be an inadequate or an ineffective remedy. Reyes-Racine v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, it is apparent that the pending petition is not viable under 28 U.S.C. § 2241. Petitioner admits that he has filed a § 2255 petition in the sentencing court,

thus evidencing that his remedy by way of a motion under § 2255 is not unavailable or inadequate. To the extent Petitioner attempts to rely on new case law not previously available to him when he sought relief pursuant to § 2255 to challenge his federal conviction and sentence, he is first required to seek permission from the United States Court of Appeals for the Second Circuit for leave to file a successive petition, prior to filing any § 2241 petition in this court.

In reviewing the instant habeas petition and in accessing PACER, there is no evidence that Petitioner has ever filed a motion in a United States Court of Appeals for the Second Circuit under 28 U.S.C. § 2244(b)(3)(A) seeking permission to file a second or successive Section 2255 motion to challenge his conviction or sentence. A review of the docket sheet relevant to Petitioner's underlying criminal conviction, and related matters in the Second Circuit, confirm that the Second Circuit has never considered a request by Petitioner to file a second or successive motion. Consequently, the court will dismiss the instant petition filed under 28 U.S.C. § 2241, without prejudice, to Petitioner requesting leave to file a second or successive § 2255 motion.[2] Even then, it is only where a petitioner falls within the narrow exception

---

[2] Under the "gatekeeping" provision of the AEDPA, a defendant seeking to file a second § 2255 motion must obtain from the court of appeals having jurisdiction over the sentencing court an order authorizing the sentencing court to consider the second motion. A court of appeals may grant leave to file a second § 2255 petition only if the defendant presents (a) newly discovered evidence undermining the guilty


outlined in Dorsainvil in which § 2241 relief could be sought in this court. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. For these reasons, the instant petition will be dismissed for lack of jurisdiction. An appropriate order follows.

---

verdict or (b) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255.